Jon R. HORKEY and Sheila M. Horkey, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. Civ. 4–88–409.

United States District Court, D. Minnesota, Fourth Division.

May 25, 1989.

John S. Jagiela, Oppenheimer, Wolff & Donnelly, Minneapolis, Minn., for plaintiffs.

Virginia Cronan Lowe, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Jon and Sheila Horkey brought this action against defendant United States of America seeking the return of taxes which they allege were unlawfully assessed. Jurisdiction is based upon 28 U.S.C. § 1346(a)(1). Now before the court is the government's motion to dismiss Jon Horkey's claim for lack of subject matter jurisdiction.

In 1987, the Internal Revenue Service (I.R.S.) assessed against the Horkeys a deficiency of $35,561.89 in additional taxes for the calendar year 1980. The I.R.S. also imposed $17,780.95 in civil fraud penalties against Jon Horkey with respect to the tax deficiency assessed for 1980. The Horkeys paid the tax deficiency, but Jon Horkey did not pay the penalties. The I.R.S. disallowed a claim filed by the Horkeys for refund of the tax deficiency they paid. The Horkeys then initiated this action seeking $35,561.89 together with interest, costs, and attorneys' fees.

The government moved pursuant to Rule 12(b)(1) to dismiss the claim of Jon Horkey for lack of subject matter jurisdiction. It contends that 28 U.S.C. § 1346(a)(1) does not permit Horkey to challenge the tax assessment until he has fully paid both the taxes and the penalties.

Section 1346(a)(1) permits challenges to tax assessments in limited circumstances. It states:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

Both parties agree that, under the "full payment rule," a tax assessment must be fully paid before it can be challenged under this statute. *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Similarly, the statute does not permit actions to recover penalties until they are fully paid. *Daley v. United States*, 79–1 U.S.Tax Cas. (CCH) ¶ 13,276 (D.N.D.1978).

Horkey argues, however, that § 1346(a)(1) does not require full payment of both tax and penalty assessments in order to challenge the tax assessment. He asserts that the statute's use of the disjunctive "or" to separate the three forms of assessments listed in the statute, "any internal-revenue tax," "any penalty," and "any sum," indicates that they are each independent and can each be recovered under the statute regardless of whether the others remain unpaid. To be read otherwise, Horkey states, the statutory language would have to be read in the conjunctive. He cites language of the Supreme Court which emphasizes the statute's disjunctive use of "or." [1]

Horkey's argument is erroneous and misplaced. The use of "or" in § 1346(a)(1) is both disjunctive and conjunctive. Thus, where all assessments are fully paid, the statute clearly permits actions to recover taxes *or* penalties or to recover taxes *and* penalties. The Supreme Court's statement in *Flora* does not contradict this interpretation. The Court merely emphasized the disjunctive nature of the statute to conclude that its use of "any sum" referred to assessments other than taxes and penalties, such as interest or costs. *Id.* 362 U.S. at 149–50, 80 S.Ct. at 632–33.

Far from supporting Horkey's contention, *Flora* directly contradicts it. In that case, the I.R.S. assessed a deficiency against Walter Flora in the amount of $28,908.60, representing $27,251.13 of unpaid taxes *plus interest. Id.* at 147, 80 S.Ct. at 631. Flora paid $5,058.54 and sued for a refund pursuant to § 1346(a)(1). The Supreme Court held that the statute "re-

1. In *Flora v. United States,* the court stated: "[W]e believe that the statute more readily lends itself to the disjunctive reading which is suggest-ed by the connective 'or.'" *Flora,* 362 U.S. at 149, 80 S.Ct. at 633.

quire[d] full payment of the assessment," *id.* at 177, 80 S.Ct. at 647, indicating that both the tax and interest must be paid before a suit to recover either would be appropriate. The Court therefore adopted the same reading of the statute urged here by the government: Full payment of "any internal-revenue tax" and "any penalty" and "any sum" (such as interest) is necessary before a suit to recover any of these assessments may be maintained under § 1346(a)(1). The Court supported its holding by considering the framework in which the statute exists. It noted that Congress provided for prepayment challenges to tax assessments to be made before the Board of Tax Appeals rather than before the district courts. *Id.* at 163, 80 S.Ct. at 640. The Court reasoned that this action reflected Congress' understanding and intention that suits could not be brought in the district court challenging tax assessments based upon payment of a small portion of the amounts assessed. *Id.* at 160–61, 80 S.Ct. at 638–39. The Court concluded that permitting § 1346(a)(1) challenges to tax assessments based only upon a small payment, such as payment of a portion of the tax or full payment of the interest, costs, or penalties, "would sacrifice the harmony of our carefully structured twentieth century system of tax litigation." *Id.* at 176, 80 S.Ct. at 647.

In accordance with the holding in *Flora* and its reasoning, the government's motion should be granted.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff Jon Horkey is granted and Jon Horkey's claims are dismissed without prejudice.